UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E.F. TRANSIT., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:13-cv-1927-WTL-MJD |
| | ) |
| INDIANA ALCOHOL AND | ) |
| TOBACCO COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO INTERVENE

This cause is before the Court on the motion of Wine & Spirits Distributors of Indiana ("W&S") seeking to intervene as a defendant in this action. The motion is fully briefed, with the Plaintiff objecting to it and the Defendant, the Indiana Alcohol and Tobacco Commission ("Commission"), taking no position at this time but "reserv[ing] the right to object to any future filings by [W&S] if they challenge or call into question any Indiana statutes or regulations." The Court, being duly advised, **DENIES** the motion to intervene for the reasons set forth below.

Under Indiana law, a person who is a licensed beer wholesaler cannot also hold an interest in a liquor wholesaler's permit. In this suit, Plaintiff E.F. Transit, Inc., ("EFT") challenges on federal preemption grounds the fact that the Commission has interpreted Indiana law as prohibiting EFT from providing transportation services to a liquor wholesaler because EFT (1) shares common ownership with a beer wholesaler; and (2) provides warehousing and transportation services to that beer wholesaler.

W&S is an unincorporated association of holders of wine and liquor wholesaler permits in Indiana. W&S disagrees with EFT's preemption argument and also asserts that if EFT prevails in this suit then other provisions of Indiana's regulatory scheme governing wholesalers of alcoholic beverages will be rendered unconstitutional because they will violate W&S's equal

protection rights. W&S thus seeks to intervene as a defendant in this suit to dispute EFT's preemption claim and, if necessary, "to protect their legal and constitutional interests in fashioning an appropriate and even-handed remedy in light of other provisions of the Indiana Alcoholic Beverage Act implicated by EFT's challenge." W&S Brief at 7-8.

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." There is no dispute whether W&S's motion to intervene was timely; it was filed just a few days after the answer was filed in this case. However, W&S's motion fails to satisfy at least one of the other requirements for intervention as of right: W&S has not demonstrated that its interests will not be adequately represented by the Commission at this stage of the proceedings. Indeed, W&S virtually concedes as much in its brief, arguing that while it believes the Commission will defend the status quo as it relates to EFT's preemption argument, it also believes that in the event EFT is successful the Commission's interest will be in "upholding as much of current Indiana law," which W&S believes will conflict with its interest in fashioning a remedy that protects its equal protection rights. Accordingly, the Court finds that—at least at this time—W&S does not satisfy the requirements of Rule 23(a)(2) and does not have a right to intervene in this action because it has not demonstrated that its interests will not be adequately represented by the Commission during the merits phase of the litigation. *See, e.g., Benjamin ex rel. Yock v. Department of Public Welfare of Pa.*, 701 F.3d 938, 951 (3rd Cir. 2012) ("We therefore have recognized that it is appropriate in certain cases to conduct a two-step examination, separately evaluating whether the applicant has a right to intervene at the merits stage and whether he or she may intervene to participate in devising the remedy.") (citation

omitted); *see also Gautreaux v. Pierce*, 743 F.2d 526 (7th Cir. 1984) (recognizing that intervention may be appropriate only for a specific, limited purpose).

W&S argues that even if it does not have a right to intervene, the Court should nonetheless exercise its discretion to permit it to do so pursuant to Federal Rule of Civil Procedure 24(b). The Court declines to do so at this time. There is no indication that the Commission will not rigorously defend itself against EFT's preemption claim. Permitting W&S to intervene would simply double the number of briefs the Plaintiff will have to respond to and the Court will have to consider, and while this burden obviously will not be great, it is not likely to be offset by any benefit, given the State's motivation and ability to defend its own statutes and policies.

If the Commission's efforts ultimately are unsuccessful, then perhaps—although the Court takes no position on the matter now—there will be reason to permit W&S to intervene to protect its interests in fashioning a remedy, but it would be premature to make that determination at this time. Accordingly, W&S's motion to intervene is **DENIED**; however, if EFT prevails on the merits, W&S may move to intervene for the purpose of weighing in on the appropriate remedy. If it does so, it will need to provide more specific information about the legal bases for the arguments it plans to advance than it has in its current briefs and explain why those arguments are better pursued as an intervenor in this suit rather than in a separate suit.

SO ORDERED: 06/20/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification