UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E.F. TRANSIT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-01927-WTL-MJD |
| ) | |
| INDIANA ALCOHOL AND TOBACCO ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ON MOTION TO AMEND THE COMPLAINT**

This matter is before the Court on E.F Transit Inc.'s ("Plaintiff") Motion to Amend the Complaint. [Dkt. 111.] The Court, being duly advised, **DENIES** Plaintiff's Motion.

### I. Background

On December 6, 2013, Plaintiff filed this action against the Indiana Alcohol and Tobacco Commission ("Defendant") alleging that Defendant's interpretation of Indiana law is inconsistent with and, therefore, preempted by federal law. [Dkt. 1 ¶ 1.] Defendant filed its answer on January 1, 2014 and pled sovereign immunity as an affirmative defense. [Dkt. 18 at 9.] Discovery then commenced on February 5, 2014 and ended more than a year later on February 27, 2015. [Dkt. 72 at 1.] Pursuant to the Case Management Plan, the deadline "for leave to amend the pleadings and/or to join additional parties" passed on April 19, 2014 [Dkt. 28 at 3], and Plaintiff's deadline to file dispositive motions passed on April 10, 2015. [Dkt. 72 at 2.] On April 9, 2015, Plaintiff filed the present motion to amend the complaint and add the following as defendants: David Cook, in his official capacity as chairman of the Indiana Alcohol and Tobacco Commission; David Coleman, in his official capacity as vice chairman of the Indiana Alcohol

1

and Tobacco Commission; and Dale Grubb and Marjorie Maginn, in their official capacities as members of the Indiana Alcohol and Tobacco Commission [Dkt. 111. at 1.] Plaintiff's motion to amend the complaint is now before the Court.

## II.  Discussion

Plaintiff asserts that it submits only a "technical amendment" to add additional defendants in order to eliminate the possibility that Defendant will argue a sovereign immunity defense in response to Plaintiff's motion for summary judgment. [Dkt. 112 at 1.][1] Plaintiff additionally contends that, if Defendant asserts a sovereign immunity defense, Defendant will have "sandbagged" Plaintiff by not submitting such defense in a dispositive motion at an earlier date. [Dkt. 121 at 4.] Plaintiff further supports its assertion that Defendant has waived a sovereign immunity defense by noting that Defendant failed to submit its statement of claims and defenses, which was due on March 20, 2015. [Dkt. 112 at 2.] In response, Defendant argues that because it pled sovereign immunity as an affirmative defense in its answer on January 27, 2014, no sandbagging, potential or actual, has occurred. [Dkt. 120 at 6.] Defendant further argues that Plaintiff has had ample opportunity to amend its Complaint to address this issue prior to the day before its deadline to file dispositive motions, such that its motion to amend should be denied as untimely. [*Id.* at 5.]

Leave to amend a complaint should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). Although denials of motions to amend pleadings are, therefore, disfavored, the court may deny such a motion when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

---

[1] The addition of these multiple defendants in their official capacity would arguably defeat Defendant's sovereign immunity claim because Plaintiff is seeking only injunctive relief. *See Ex parte Young*, 209 U.S. 123, 159-160 (1908).

undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir.2010) (alteration omitted) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir.2007)).

Moreover, while the standard for granting leave to amend under Rule 15 is a liberal one, that standard must be reconciled with the court's set deadlines in the scheduling order as governed by Federal Rule of Civil Procedure 16(b). *See Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir.2011). Under Rule 16(b), a pleading can only be amended after the expiration of the court's scheduling order deadline to amend pleadings "for good cause." Fed. R. Civ. P. 16(b)(4). In reconciling these two rules, the Seventh Circuit has held that it is proper for a court to first consider whether the moving party meets the heightened "good cause" standard under Rule 16(b)(4) before examining whether the party meets the requirements of Rule 15. *Alioto,* 651 F.3d at 719. If "good cause" is shown under Rule 16(b)(4), the Court may then determine if the amendment is proper under Rule 15(a). *See Riggins v. Walter*, 279 F.3d 422, 428 (7th Cir. 1995) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)) ("[The] court must first find good cause for amendment under Rule 16(b) before considering propriety of amendment under Fed. R. Civ. P. 15.").

Thus, a movant must show "good cause" to amend its pleadings after the court's deadlines have passed. Fed R. Civ. P. 16(b)(4). It is the movant who bears the burden of showing why such "good cause" exists. *See Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind.1995). ("[A] party must show that despite their diligence the time table could not have reasonably been met."). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a

matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

Rule 16's "good cause" standard for leave to amend "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir.2005) (quoting *Johnson,* 975 F.2d at 609). Specifically, the Seventh Circuit has held that the requisite diligence is not established if delay is shown and the movant provides no reason, or no good reason, for the delay. *See Alioto,* 651 F.3d at 719; *see also Edmonson v. Desmond*, 551 F. App'x 280, 282 (7th Cir. 2014) ("[Movant] has not offered any reason, let alone a good one, why he waited more than a month after the close of discovery to file his motions to amend.").

The Seventh Circuit has found insufficient reason for the party's delay in numerous cases. For example, the court found that unreasonable delay existed when a movant attempted to amend its complaint more than eight months beyond the district court's deadline for leave to amend and on the last day for filing a response to defendant's motion to dismiss. *See Alioto* 651 F.3d at 720; *see also Edmonson*, 551 F. App'x at 282 (finding delay where more than three months had passed since opposing party had answered, and the deadlines for discovery and dispositive motions had passed); *Carroll v. Stryker Corp.*, 658 F.3d 675, 684 (7th Cir. 2011) (finding delay seven months after the deadline for amending the pleadings and less than a month before the close of discovery).

Far exceeding the eight months the Court in *Alioto* found to establish delay, Plaintiff here moved to amend its complaint over eleven months after the Court's established deadline and over one month beyond the close of discovery. [Dkt. 72. at 1.]  Moreover, much like the movant in *Alioto*, Plaintiff waited until the eve of the deadline for the filing of dispositive motions to

4

submit its motion for leave to amend. [Dkt. 72 at 2.] It thus seems clear that Plaintiff delayed in filing its motion, and Plaintiff must therefore show good cause as to why leave to amend its complaint should be granted.

Case law helps establish what courts consider to be "good cause." For example, in *Gold v. YouMail, Inc.*, the district court found that even though the movant sought to amend the complaint after the court's leave to amend deadline expired, it did so only because it received relevant new discovery information, and it only delayed in amending one month after receiving the new discovery materials. No. 1:12-CV-0522-TWP-TAB, 2013 WL 652549, at *1 (S.D. Ind. Feb. 21, 2013). Conversely, the Seventh Circuit found that ignorance was not a good reason for delay. *See Carroll*, 658 F.3d at 684. There, the movant argued that it did not fully understand that certain forms of relief were unavailable until much later in the litigation, but the Seventh Circuit disagreed, noting that the defendant had alerted the movant to that information in its answer, and, thus, the movant was aware of these issues at the outset of the proceedings. *See id.* ("The failure to anticipate an obvious and legally well-grounded defense does not excuse the delay.").

In this matter, the only reason Plaintiff provides as to why it waited so long to amend its complaint is that it did not believe Defendant would assert a sovereign immunity defense due to its litigation conduct. [Dkt. 121 at 4.]  However, much like the movant in *Carroll*, Plaintiff knew, or should have known, that Defendant could assert a sovereign immunity defense over one year ago because Defendant stated that affirmative defense in its answer on January 27, 2014. [Dkt. 18 at 9.] Furthermore, Plaintiff had almost thirteen months of discovery—from the time the Case Management Plan was filed on February 5, 2014, [Dkt. 28], to the close of discovery on February 27, 2015 [Dkt. 72 at 1]—to further explore Defendant's defenses and determine whether it needed to add individual defendants to protect against a sovereign immunity defense.

5

Also, unlike the movant in *Gold*, Plaintiff does not allege that it learned of any new relevant material through discovery that brought to its attention the need for this amendment.

Plaintiff briefly notes, and is correct, that Defendant did not file its statement of claims and defenses on March 20, 2015 as required. [Dkt. 112 at 2.] However, had Defendant filed said defenses on March 20, Plaintiff's amendment—even if submitted the day after—would not have been any more palatable. It was not the Defendant's failure to submit these defenses at a date over one year after it asserted the sovereign immunity defense in its answer that caused Plaintiff's lack of diligence, nor has Plaintiff carried its burden to show good reason to excuse its delay.[2]

Plaintiff's "technical amendment" argument does not excuse its extended delay in amending its complaint. Its proposed amendment appears to be an afterthought, thrown in at the last minute to cover all its bases. Thus, because Plaintiff provides no reason why it was not diligent in seeking to amend or any reason why it could not have amended prior to the Court's deadline to do so, as required by *Tschant,* "good cause" under Rule 16(b)(4) does not exist.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Amend the Complaint [Dkt. 111].

Date:  06/10/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] Plaintiff claims Defendant "sandbagged" Plaintiff by failing to file a motion to dismiss based on its sovereign immunity defense after articulating that defense in its answer. [Dkt. 121. at 4.] The Court finds no merit in this argument. However, if Plaintiff feels it was "sandbagged," it was Plaintiff who obtained and filled the bags full of sand and then delivered them to Defendant wrapped with a bow.

6

Distribution:

Wine & Spirits Distributors of Indiana
320 N. Meridian Street, Suite 1100
Indianapolis, In 46204

Steven M. Badger
BADGER LAW OFFICE
sbadger@badgercounsel.com

Michael P Maxwell, Jr
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

John B. Herriman
CLARK, QUINN, MOSES, SCOTT & GRAHN
bherriman@clarkquinnlaw.com

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP (Indianapolis)
anne.ricchiuto@FaegreBD.com

Anthony Scott Chinn
FAEGRE BAKER DANIELS LLP (Indianapolis)
scott.chinn@faegrebd.com

Brian J. Paul
FAEGRE BAKER DANIELS LLP (Indianapolis)
brian.paul@faegrebd.com

David K. Herzog
FAEGRE BAKER DANIELS LLP - Indianapolis
david.herzog@faegrebd.com

J. Murray Clark
FAEGRE BAKER DANIELS LLP - Indianapolis
murray.clark@faegrebd.com

Sara Teresa Martin
INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Allison B. Jones
WILLIAMS & CONNOLLY LLP
ajones@wc.com

Kannon K. Shanmugam
WILLIAMS & CONNOLLY LLP
kshanmugam@wc.com

Amy Saharia
WILLIAMS & CONNOLLY, LLP
asaharia@wc.com

Barry S. Simon
WILLIAMS & CONNOLLY, LLP
bsimon@wc.com